NOT DESIGNATED FOR PUBLICATION

No. 123,248

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RANDY G. TRIMMELL,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed November 12, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., POWELL and CLINE, JJ.


PER CURIAM: Randy G. Trimmell appeals the district court's judgment against him of indirect criminal contempt of court under K.S.A. 2020 Supp. 20-1204a. Trimmell was charged with alternative counts of first-degree felony murder and second-degree murder, along with criminal possession of a weapon by a convicted felon. The contempt conviction arises from an incident in which Trimmell spat on his court-appointed counsel in the courtroom moments after Trimmell received adverse rulings at a pretrial hearing, causing a delay in the trial of the criminal charges. For the reasons stated in this opinion, we affirm the district court's judgment of contempt.

1

FACTS

On April 25, 2018, the State charged Trimmell with one count each of second-degree murder and criminal possession of a weapon by a convicted felon. The charges were later amended to alternative counts of first-degree felony murder and second-degree murder, along with criminal possession of a weapon by a convicted felon. The district court appointed Casey J. Cotton to represent Trimmell in the criminal proceedings.

A jury trial was scheduled for Monday, February 24, 2020. On February 21, 2020, Trimmell, who was in custody, was brought to the courtroom of Judge Eric Williams for the court to take up several pretrial motions. The rulings on the pretrial motions were against Trimmell. Right after Judge Williams stepped off the bench and left the courtroom, Trimmell stood up from counsel table and spat in Cotton's face. Sedgwick County Sheriff's deputies intervened and removed Trimmell from the courtroom. Judge Williams' aide helped Cotton clean up by bringing him napkins and sanitizer. As a result of the incident, the district court appointed new counsel to represent Trimmell in the criminal proceedings, causing the jury trial set for February 24, 2020, to be continued.

On March 3, 2020, the district court filed a motion for indirect criminal contempt under K.S.A. 20-1204a and ordered Trimmell to appear and show cause "why [he] should not be held in Indirect Criminal Contempt." Attached to the motion was an affidavit prepared by Deputy Timothy Jett of the Sedgwick County Sheriff's office. In the affidavit, Deputy Jett described the incident in the courtroom on February 21, 2020, in which he observed Trimmell spit in Cotton's face right after the hearings. The motion for indirect criminal contempt was personally served on Trimmell.

The district court held a contempt hearing on June 30, 2020. Trimmell appeared at the hearing and was represented by his new court-appointed counsel. The State called Cotton as its first witness. Cotton testified that on Friday, February 21, 2020, he and

2

Trimmell were in court arguing pretrial motions for his homicide case, which was scheduled to go to trial the following Monday, February 24, 2020. Judge Williams made rulings adverse to Trimmell, and Cotton testified "he was disappointed, to say the least." Cotton testified that right after Judge Williams stepped off the bench and left the courtroom, Trimmell stood up and spat on his hair, face, and glasses. Cotton testified he did not give consent for Trimmell to spit on him, and he did not believe he said anything to Trimmell that would have justified his conduct.

The State also presented the testimony of Deputy Jett, who confirmed the details in his affidavit. Deputy Jett testified Trimmell stood up and "leaned his head back and spit in Mr. Cotton's face." Deputy Jett clarified "it wasn't just spit coming out talking" and he added Trimmell "project[ed] spit" forward with force that struck Cotton "[r]ight in the face." Deputy Jett described the look on Cotton's face as "[s]hock."

Deputy Kenneth Heater, the other deputy in the courtroom, testified and confirmed that Trimmell spat on Cotton. Deputy Heater testified that after he escorted Trimmell away from Cotton, he returned to the courtroom and "observed different drops of spit on [Cotton's] hair, on the right side of his head, and I believe on his right coat lapel." Deputy Heater also testified Cotton "appeared to be in shock of what had just occurred." The district court gave Trimmell a chance to testify, but he declined.

After hearing the evidence and arguments of counsel, the district court made findings from the bench. The district court found Cotton "was engaged in his role as an officer of the court" when the incident happened. The district court found Trimmell's conduct was the "sole reason" Cotton had to be relieved of his duties, causing the jury trial scheduled to begin three days later to be delayed. The district court also found the character of Trimmell's acts was "willfully, contemptuous" and his behavior "constitute[d] conduct that obstruct[s] or tends to obstruct the administration of justice and demeans the dignity and authority of this court." The district court found Trimmell

3

guilty of indirect contempt of court and ordered him to serve six months in the Sedgwick County Jail, beginning June 30, 2020. The district court ordered that Trimmell would not receive credit for the six-month period applied to any other case. The district court filed a written judgment of contempt with detailed findings on the same day as the hearing.

Following plea negotiations, Trimmell pled no contest to one count of voluntary manslaughter in exchange for dismissing the other charges. On January 4, 2021, after Trimmell had served his six-month sentence for the contempt conviction, the district court sentenced Trimmell for involuntary manslaughter to 107 months' imprisonment with 36 months' postrelease supervision. The journal entry reflected that Trimmell would not receive credit for the 667 days he spent in the Sedgwick County Jail before sentencing, noting that Trimmell was not eligible for duplicate credit because he was being held on other cases including his indirect criminal contempt conviction. Trimmell timely appealed the judgment of contempt.

ANALYSIS

Trimmell argues that his conduct did not constitute indirect criminal contempt of court as a matter of law, asserting the State failed to show that his conduct delayed the trial. Recognizing that he has completed his six-month sentence for the contempt judgment, Trimmell heads off a mootness claim by asserting "'[t]he appeal of a conviction for criminal contempt is not rendered moot by the fact that a defendant has served his or her full jail time and cannot be subjected to additional jail time.'" *State v. Flanagan*, 19 Kan. App. 2d 528, Syl. ¶ 1, 873 P.2d 195 (1994). The State contends this appeal is moot, and alternatively argues the district court's ruling was proper because Trimmell's actions required the appointment of new defense counsel and delayed the trial.

We will briefly address the State's claim that Trimmell's appeal is moot because he completed his six-month sentence for the contempt judgment. The State attempts to

4

distinguish *Flanagan* by pointing to a more recent decision by this court that addressed the mootness of a criminal contempt conviction a bit differently. In *State v. Lamb*, 57 Kan. App. 2d 633, 458 P.3d 266 (2020), the alleged victim, Pattrick Towner, refused to testify and was held in contempt of court. Towner appealed but already had completed his six-month sentence, so the State argued the appeal was moot. The panel considered *Flanagan* but recognized the mootness doctrine was "subject to court-recognized exceptions which have been judicially created since [*Flanagan*]." *Lamb*, 57 Kan. App. 2d at 636. The panel noted Towner did not assert the application of a court-recognized exception, but the panel opined they were "not convinced that there are any ongoing consequences that may result from the district court's finding of contempt . . . ." 57 Kan. App. 2d at 637. Still, the panel was concerned the issue would be subject to repetition because the district court had dismissed the charges against Lamb without prejudice, and "Towner could be back in the same position" if the State refiled the charges. 57 Kan. App. 2d at 637. As a result, the panel found the case was not moot. 57 Kan. App. 2d at 637.

The State asserts that Trimmell "simply cites *Flanagan*" as a basis to retain this appeal, and it relies on *Lamb* to argue that "any collateral consequences that may result [from Trimmell's contempt conviction] are speculative at best." But there is nothing about the panel's analysis in *Lamb* that persuades us to dismiss Trimmell's appeal as moot.

A bright line test, such as a rule that a sentencing appeal is moot if the sentence is completed, is contrary to Kansas law. *State v. Roat*, 311 Kan. 581, 592, 466 P.3d 439 (2020). An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). "The party asserting mootness generally bears the initial burden of establishing that a case is moot in the first instance. [Citation omitted.]" *Roat*, 311 Kan. at 593.

5

Trimmell ultimately pled no contest to involuntary manslaughter and was sentenced to 107 months' imprisonment with 36 months' postrelease supervision. The journal entry reflected that Trimmell would not receive credit for the 667 days he spent in the Sedgwick County Jail before sentencing, noting that Trimmell was not eligible for duplicate credit because he was being held on other cases *including* his indirect criminal contempt conviction. If Trimmell successfully argues that we should reverse his criminal contempt conviction, he may be able assert that the six months he served in jail for contempt should either be applied toward his sentence for involuntary manslaughter or toward his sentence in one of his other pending cases. Because the record does not clearly and convincingly show that Trimmell can receive no relief and that our ruling would be ineffectual for any purpose, we decline to dismiss the appeal as moot.

*Did the district court err in convicting Trimmell of indirect criminal contempt?*

Trimmell argues that his conduct did not constitute indirect criminal contempt of court as a matter of law. He contends the State failed to show that his conduct delayed the criminal proceedings because "there was no evidence that his case actually would have gone to trial the following Monday." He also asserts the fact that the spitting incident occurred in a courtroom does not render it contempt of court.

The State argues that the district court's ruling was proper because Trimmell's actions required the appointment of new counsel and delayed the trial. The State also contends the fact that the incident occurred in the courtroom moments after the court adjourned, while the deputies and the judge's aide were still present, supports a finding that Trimmell's conduct demonstrated disrespect of the court or its processes.

There is a dual standard of review in an appeal from a finding of contempt of court. An appellate court applies a de novo review to determine whether the alleged conduct is contemptuous. An abuse of discretion standard is applied in reviewing the

sanctions imposed. *State v. Gonzalez*, 290 Kan. 747, 754, 234 P.3d 1 (2010). Trimmell solely challenges whether his conduct was contemptuous.

"Contempt of court may be direct or indirect, criminal or civil. Direct contempt is committed in the presence of a sitting court or in the presence of a judge sitting in chambers. All other contempts are indirect." *State v. Shannon*, 258 Kan. 425, 435, 905 P.2d 649 (1995); see also *Alpha Med. Clinic v. Anderson*, 280 Kan. 903, 926, 128 P.3d 364 (2006) ("The allegations here relate to what is known as indirect contempt, i.e., conduct outside the presence of a judge."). Trimmell's conduct occurred outside the presence of the judge, resulting in indirect contempt.

The procedure for indirect contempt of court is outlined in K.S.A. 2020 Supp. 20-1204a. This statute applies to both criminal and civil contempt proceedings. See K.S.A. 2020 Supp. 20-1204a(d). Under this statute, Judge Williams was required to file a written motion for indirect criminal contempt accompanied by an affidavit to be personally served on Trimmell, followed by an evidentiary hearing with Trimmell represented by counsel. Trimmell makes no claim on appeal that the district court failed to comply with the statutory procedure in finding him guilty of contempt of court.

Civil contempt is the failure to do something ordered by the court for the benefit or advantage of another party to the proceeding. *State v. Jenkins*, 263 Kan. 351, 358, 950 P.2d 1338 (1997). Criminal contempt, by contrast, is "'conduct directed against the dignity and authority of a court or a judge acting judicially, with punitive judgment to be imposed in vindication; its essence is that the conduct obstructs or tends to obstruct the administration of justice.' [Citation omitted.]" 263 Kan. at 358. Put another way, "[c]riminal contempt is disrespectful conduct toward a court or its processes or conduct which obstructs the administration of justice." *Flanagan*, 19 Kan. App. 2d at 530.

7

The district court found Trimmell in indirect criminal contempt of court. In the written judgment of contempt, the district court found Trimmell's behavior "resulted in the delay of the defendant's jury trial—which was to begin the following Monday" and Trimmell's actions "were willfully contemptuous." The district court found Trimmell's behavior constituted "conduct that obstruct[s] or tends to obstruct the administration of justice and demeans the dignity and authority of this court."

Based on the test in *Jenkins*, we must decide whether the district court erred in finding that Trimmell's conduct (1) obstructed or tended to obstruct the administration of justice and (2) demeaned the dignity and authority of the court. We have de novo review of whether Trimmell's conduct was contemptuous. *Gonzalez*, 290 Kan. at 754.

Trimmell contends the State failed to show that his conduct delayed the criminal proceedings because "there was no evidence that his case actually would have gone to trial the following Monday." Trimmell reasons, "for example, there was no evidence that there was a jury waiting or, perhaps, that subpoenaed witnesses had appeared." And even if his conduct caused a trial delay, Trimmell argues that a trial delay is "insufficient" to constitute indirect criminal contempt under Kansas caselaw.

To support this last assertion, Trimmell cites a 137-year-old case in which the Kansas Supreme Court reversed a defendant's contempt conviction for failure to appear in court causing a delay in the trial. In *In re Dill*, 32 Kan. 668, 5 P. 39 (1884), Dill failed to appear for his first day of trial, causing the attorneys to withdraw their appearance and delay the trial. The district court found Dill had absented himself to obstruct the court in the administration of justice. The district court found Dill in contempt of court, ordering that he be committed to jail until he paid a fine of $300 plus costs. Dill petitioned for a writ of habeas corpus with the Supreme Court, which ordered that he be discharged from the imprisonment. 32 Kan. at 689-91. The court observed that although Dill failed to appear in court as required by his recognizance bond subjecting him to penalties under

8

the statute governing such recognizance, the defendant's conduct did not "constitute such an offense as render[s] him liable to punishment beyond the punishment provided by the statute . . . ." 32 Kan. at 690.

*Dill* is distinguishable from Trimmell's case and provides no support for his claim that a trial delay cannot constitute contempt of court. *Dill* holds that a defendant's failure to appear in court, standing alone, is insufficient for a finding of contempt. *Dill* does not involve a situation in which a defendant delayed trial proceedings by intentionally causing a disruption such as assaulting his attorney.

The district court found that Trimmell's conduct was the sole reason Cotton had to be relieved of his duties, causing the jury trial scheduled to begin three days later to be delayed. Although Trimmell speculates that his case might not have gone to trial the following Monday, the court records show that the case was scheduled for a jury trial to begin on February 24, 2020. And Cotton's testimony at the contempt hearing confirmed that the case was set for trial the following Monday. Thus, the evidence supports the district court's finding that Trimmell's conduct obstructed the administration of justice because it caused his trial to be delayed.

We must next decide whether Trimmell's conduct demeaned the dignity and authority of the court. On this point, Trimmell's entire argument is as follows:

> "As Trimmell also argued to the district court, the fact that the incident occurred in a courtroom, even shortly after the conclusion of a pre-trial proceeding, does not render it contempt *of court*. Had Trimmell spit on Cotton, even in the capacity as his attorney, in the professional visitation area, on the sidewalk outside the courthouse, or in Cotton's office, he would have been charged with Battery."

The district court found Cotton "was engaged in his role as an officer of the court" when the incident happened. The district court found that the incident happened "within

the confines of the court," reasoning that Trimmell's disruption "was an ongoing event from the hearing that was just conducted." The district court acknowledged that Trimmell's conduct would have been viewed differently if the judge had left the courtroom and an hour later, Cotton and Trimmell were still in the courtroom talking about the issues. But because of the contemporaneous nature of the disruptive conduct and the hearing that had just been completed, the district court found that Trimmell's conduct "demean[ed] the dignity and authority of this court."

We agree with the district court that Cotton was engaged in his role as an officer of the court when Trimmell spit in his face. Thus, it can be said that Trimmell's conduct demeaned the dignity and authority of the court and was disrespectful of its processes. We also agree with the district court that it is important that the incident happened in the courtroom right after the judge made his rulings and left the bench. It would have been a different situation had the incident happened an hour later or in the courthouse lobby. Trimmell correctly states that he could have been charged with battery for intentionally causing physical contact with Cotton in a rude, insulting, or angry manner. See K.S.A. 2020 Supp. 21-5413(a)(2). But the fact that Trimmell could have been charged with battery does not mean that the conduct was not contemptuous.

Based on the arguments Trimmell makes on appeal, we find no error in the district court's findings that Trimmell's conduct was willfully contemptuous and that his behavior obstructed the administration of justice and demeaned the dignity and authority of the court. Thus, we conclude the district court did not err in convicting Trimmell of indirect criminal contempt of court.

Affirmed.